Foellinger v. Leh et al.

Judgment affirmed.

Filed March 29, 1887.

---

No. 12,633.

FOELLINGER *v.* LEH ET AL.

SALE.—*Agency.—Evidence.*—The evidence in this case tends to establish the following facts: J. F. was for many years a shoe merchant, and had purchased goods from L. & Co.   There were signs, bearing his name, in front of the building in which he conducted his business.   In June, 1880, while his business was being carried on through the agency of his sons, J. F., Jr., and M. F., the salesman of L. & Co. called at his store during his absence, and the sons gave an order for goods to be delivered in September.   The order was noted in the salesman's book as having been given by J. F., and the sale was made upon his credit.   After the order was given M. F. suggested to the salesman that J. F. might retire from the firm before the goods were to be shipped, and that the order had better be taken in the name of J. & M. F., stating at the same time that he would give notice before the goods were forwarded as to how the firm would be.   The order was so changed, but no notice was given.   The goods were shipped to J. & M. F. at the time stipulated, and charged on the books of L. & Co. in the same way.   J. F., Sr., had in the meantime retired from business, and J. F., Jr., succeeded him, the latter using the same signs and letter-heads.   No such firm as J. & M. F. was ever formed.

*Held*, that the evidence is sufficient to sustain a judgment against J. F., Sr., for the value of the goods.

From the Allen Superior Court.

*R. S. Taylor*, for appellant.

*W. P. Breen*, *H. Colerick* and *W. S. Oppenheim*, for appellees.

Foellinger *v.* Leh *et al.*

MITCHELL, J.—Leh & Co., of Allentown, Pennsylvania, brought this suit against Jacob Foellinger, of Fort Wayne, to recover upon an account for goods sold and delivered. The defence was that the goods were not purchased by nor for the defendant, and that he never received them.

There was a recovery in the court below, and the only question here is whether there was any evidence to sustain the verdict of the jury.

It appears that Jacob Foellinger was for many years a shoe merchant in the city of Fort Wayne. He had a son named Jacob, and another named Martin C. In the summer of 1880, these two sons were clerking in his store. They had, to some extent at least, the charge and management of their father's business, and sometimes ordered goods in his name, and conducted his correspondence. At the time the goods in question were ordered, the elder Jacob Foellinger was reducing his stock with a view of going out of business. After the goods were ordered, and before they were received, the stock on hand was sold to the wife of his son Jacob, who shortly afterwards transferred it to Jacob Foellinger, the younger. Jacob Foellinger, the elder, never had a partner. He had purchased goods from the plaintiffs before those sued for were ordered. He owned the building in which he did business, and had several signs about the front of the store, on which were printed the name "J. Foellinger." He also had letter and bill-heads, similarly marked, and which contained a reference to his store as "The Pioneer, Established 1840." These signs remained unchanged after the sale, and Jacob Foellinger, the younger, used the same letter-heads, after the purchase, as were used by his father before.

We agree with appellant's counsel, that in order to charge the appellant with the price of these goods, it must be shown either that he ordered them himself; or that they were ordered by his agent, or some one whom the sellers were authorized to treat as his agent; or that he received them himself; or that they were received for him by his agent, or

some one whom the sellers were authorized to treat as his agent; or that the sellers parted with these goods to some one else, but believing in good faith that they were selling them to the appellant, and being led into that belief notwithstanding the exercise of ordinary business care and prudence on their part, by some false appearance of things caused by some act of omission of the appellant.

The evidence tends to show that the goods were ordered by the appellant's sons while they were acting as his agents and as managers of his business. The order was given under such circumstances as fairly authorized the salesman of Leh & Co. to suppose that the goods were ordered for the appellant. Leh & Co. having previously dealt with the appellant, they directed their travelling salesman to call upon Jacob Foellinger, of Fort Wayne, in the course of his agency. The salesman called at the appellant's store in June, 1880. There is no question but that the elder Foellinger was then conducting the business mainly through the agency of his sons, Jacob and M. C. Foellinger. The salesman found the sons in the store, apparently in charge of the business. He neither saw nor dealt with the elder Foellinger, but he understood the business belonged to him. The sons gave an order for goods to be delivered in September, 1880. The order was noted in their presence in the salesman's order-book, as having been given by " J. Foellinger."

After the order had been given, and before the agent left the city, M. C. Foellinger suggested to him, that J. Foellinger might retire from the firm before the goods were to be shipped, and that the order had better be taken in the name of J. & M. C. Foellinger, stating at the same time that before the goods were shipped he would give him notice of how the firm would be. Thereupon the agent changed the memorandum on his order-book, so as to make the order in the name of J. & M. C. Foellinger. He also made the following note at the foot of the memorandum : " Will leave us know should J. Foellinger retire in time for shipping goods."

Foellinger *v.* Leh *et al.*

No notice of any change was given. In answer to an inquiry of a commercial agency at Fort Wayne, Leh & Co. were informed after the order was sent in, that there was no such firm as J. & M. C. Foellinger ; that they were the sons of J. Foellinger, who was quite old, and gave little personal attention to his business, which was under the management of his sons.

The goods were shipped and billed to J. & M. C. Foellinger, and were charged in the same way on the books of Leh & Co. The witness was permitted to testify without objection, that he made the sale to, and upon the credit of, J. Foellinger alone.

That the appellant was conducting the boot and shoe business through the agency and management of his sons, at the time the order was taken, is an indisputable fact. That the sons ordered the goods while so conducting their father's business, is also beyond dispute, and that they ordered them for their father is an inference that might well arise from all the other evidence in the case. If nothing had been said when the order was originally completed, and noted in the salesman's order-book, to " J. Foellinger," there could be no doubt of the appellant's liability. It is claimed, however, that the subsequent occurrences show that the order was not made on the appellant's behalf. We do not concur in this view. After the order had been completed, one of the sons suggested a possible change in the business before the goods were to be shipped, and that the order had better be changed to J. & M. C. Foellinger. This was done accordingly, but it was done in view of the further promise made by the appellant's agent, that if J. Foellinger retired from the firm, Leh & Co. would be notified. There is nothing in the evidence which tends to indicate that either the salesman or his principals contemplated a transaction with any other J. Foellinger than the one who was conducting the business at the time the order was taken. It must be supposed that when

they were informed that notice would be given in the event J. Foellinger should retire, they understood that it meant the appellant.

At all events, the transaction of taking the order having been completed under circumstances which bound the appellant, it was incumbent on him to show that the subsequent facts were such as to bring home to Leh & Co. notice that the order was not made on his behalf.

All that occurred subsequently was, that information was given that a change in the business was contemplated, and that the order should be nominally changed to J. & M. C. Foellinger, in view of such possible change, of which, if it occurred, further notice was to be given. No notice was given. No such firm as J. & M. C. Foellinger ever was formed. When a change was made, the business was continued, and the correspondence conducted upon the same letter-heads, in the name of J. Foellinger, and the sellers of the goods were not notified of any change whatever.

That the goods were shipped, billed and charged to J. & M. C. Foellinger, is consistent with the theory that J. Foellinger, the elder, on whose behalf the order was taken, had not retired from the business.

While the evidence is not entirely satisfactory, it can not be said that the verdict was not supported by any evidence.

Judgment affirmed, with costs.

Filed March 30, 1887.